IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AXA WAGE AND HOUR LITIGATION | No. C 06-04291 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| _____/ | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 1, 2009, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants** the Motion for Preliminary Approval of Class and Collective Action Settlement.

The parties each shall have ten (10) minutes to address the following questions.

1. Although the Court is inclined to grant the parties' motion, it still has concerns with the form of proposed notice to the Class. Have the parties prepared the proposed form of notice based on sample notices approved by other courts? If so, the Court requests that the parties provide the Court with copies of those samples by no later than April 24, 2009.

2. If the parties are not relying on form notices that have been approved by other Courts, would the parties be amenable to specifically advising members of the FLSA collective action that they must "consent" to join that action and to lay out more clearly the procedural differences between consenting to join the FLSA collective action and requesting exclusion from the Rule 23 class actions?

3. In the proposed form of notice attached as Exhibit B to the Settlement Agreement, the parties state that a person who wants to receive settlement benefits "must affirmatively 'opt in' to the Federal Collective Action." Is the language used in this proposed form of notice different from that used in Exhibits A and C because this is the only notice that pertains specifically to the FLSA claims?

**IT IS SO ORDERED.**

Dated: April 13, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE