NIALL P. McCARTHY (#160175)
nmccarthy@cpmlegal.com
LAURA SCHLICHTMANN (#169699)
lschlichtmann@cpmlegal.com
JUSTIN T. BERGER (#250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

JOSEPH H. MELTZER (pro hac vice)
jmeltzer@btkmc.com
GERALD D. WELLS, III (#257496)
gwells@btkmc.com
ROBERT J. GRAY (pro hac vice)
rgray@btkmc.com
**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE AXA WAGE AND HOUR LITIGATION** | Case No. C-06-4291 JSW<br>**Consolidated Actions**<br><br>**COLLECTIVE/CLASS ACTION**<br><br>~~[PROPOSED]~~ **FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Date: September 25, 2009<br>Time: 9:00 a.m.<br>Ctrm: Courtroom 11, 19th Floor<br>Hon. Jeffrey S. White |

~~[PROPOSED]~~ FINAL APPROVAL ORDER AND JUDGMENT, Case No. C-06-4291 JSE

1    This matter was presented to the Court for hearing on September 25, 2009, upon

2  the joint application of the SETTLING PARTIES for approval of the SETTLEMENT set

3  forth in the Class Action Settlement Agreement (the "SETTLEMENT AGREEMENT").

4  Due and adequate notice having been given to the SETTLEMENT CLASS MEMBERS;

5  the Court having considered the SETTLEMENT, all papers filed and proceedings had

6  herein, and all oral and written comments received regarding the proposed

7  SETTLEMENT, and having reviewed the record in the above-captioned action (the

8  "ACTION"); and good cause appearing,

9        **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

10       1.      The Court, for purposes of this FINAL APPROVAL ORDER, adopts all

11  defined terms, including the class and subclass definitions and definitions of RELEASED

12  CLAIMS, as set forth in the SETTLEMENT AGREEMENT filed in this ACTION;

13       2.      The Court has jurisdiction over the subject matter of this action, the

14  REPRESENTATIVE PLAINTIFFS, the SETTLEMENT CLASS MEMBERS, and AXA;

15       3.      The Court finds that the ACTION presented a good faith dispute over the

16  payment of wages, and the Court finds in favor of settlement approval;

17       4.      The Court finds that the distribution of the NOTICE as provided for in the

18  PRELIMINARY APPROVAL ORDER, and as confirmed in the declaration of Jonathan

19  Paul of Rust Consulting, Inc. (the Settlement Administrator), constituted the best notice

20  practicable under the circumstances to all persons within the definition of the

21  SETTLEMENT CLASS, and fully met the requirements of due process under the United

22  States Constitution and California law.  Based on evidence and other material submitted

23  in conjunction with the FINAL APPROVAL HEARING, the actual NOTICE to the

24  SETTLEMENT CLASS MEMBERS was adequate.  The Court further finds that the

25  SETTLING PARTIES have satisfied the requirements of notice to pertinent government

26  agencies as set forth in CAFA;

27

28

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT, Case No. C-06-4291 JSW          1

1      5.     The Court finds that the SETTLEMENT CLASS satisfies the standards for

2   certification under Fed. R. Civ. P. 23 and 28 U.S.C. § 216(b), as applicable;

3      6.     The Court has considered, and hereby overrules, the four objections to the

4   SETTLEMENT;

5      7.     The Court approves settlement of the ACTION, as set forth in the

6   SETTLEMENT AGREEMENT, including the releases and other terms, as fair, just,

7   reasonable and adequate in all respects as to the SETTLEMENT CLASS MEMBERS and

8   the other SETTLING PARTIES.  The SETTLING PARTIES are directed to perform in

9   accordance with the terms set forth in the SETTLEMENT AGREEMENT;

10     8.     The ACTION is dismissed on the merits and with prejudice, permanently

11  barring the REPRESENTATIVE PLAINTIFFS and all other SETTLEMENT CLASS

12  MEMBERS (other than those who timely filed a valid EXCLUSION FORM) from

13  prosecuting RELEASED CLAIMS against the RELEASED PERSONS and all other

14  SETTLEMENT CLASS MEMBERS;

15     9.     The Court further finds that the agreement between the SETTLING

16  PARTIES concerning CLASS COUNSEL'S FEE AND EXPENSE APPLICATION is

17  fair and reasonable.  Having presided over this consolidated litigation since its

18  commencement and having considered the materials submitted by CLASS COUNSEL in

19  support of final approval of the SETTLEMENT and their request for attorneys' fees,

20  expenses, and approval of ENHANCEMENT AWARDS for the REPRESENTATIVE

21  PLAINTIFFS, the Court finds the requested award of attorneys' fees appropriate based

22  on several factors.  First, the Court finds that the total lodestar fees of CLASS

23  COUNSEL, in the amount of $1,571,852.90, were reasonably necessary for the

24  prosecution of Plaintiffs' original actions and this consolidated litigation, and CLASS

25  COUNSEL's request for fees in the amount of $1,625,000 corresponds to the Ninth

26  Circuit's 25% "benchmark" for common fund cases with only a de minimis 3%

27  enhancement (i.e., a multiplier of 1.03), which will be expended during final

28

1   administration of the settlement.  Second, the Court finds that the value of the class

2   SETTLEMENT is $6.5 million, a beneficial and substantial SETTLEMENT for the class

3   of the disputed claims in this consolidated litigation.  Third, the Court notes that there

4   were only four objectors to the SETTLEMENT out of a class of 8,737 members (five

5   hundredths of one percent), that none of the objections have merit, and that only 20

6   timely exclusion requests were received (approximately two-tenths of one percent); and

7   that the overall claim filing rate is 62%, reaching as high as 74% in the ESF subclass.

8   Thus, the CLASS MEMBERS have shown strong support for the SETTLEMENT.

9   Fourth, the Court finds that the SETTLEMENT vindicates important public policies

10  regarding compensation of employees.  Fifth, the Court finds that CLASS COUNSEL has

11  maintained this litigation for three years on a purely contingent basis, that CLASS

12  COUNSEL was opposed by highly skilled defense counsel, that the litigation involved

13  cutting edge and complex legal issues, that the PARTIES took sufficient discovery and

14  sufficiently explored the application of wage and hour laws to determine the respective

15  strengths and vulnerabilities of their positions, and that there was substantial risk that the

16  REPRESENTATIVE PLAINTIFFS would not prevail on some or all of their claims.

17  Sixth, the Court finds that the SETTLEMENT CLASS was specifically and clearly

18  advised of the fee request that CLASS COUNSEL would submit.  In addition, the Court

19  finds that CLASS COUNSEL's request for reimbursement of $94,529.95 in litigation

20  expenses is adequately documented and reasonable in view of the results obtained on

21  behalf of the SETTLEMENT CLASS, and is authorized by the SETTLEMENT

22  AGREEMENT.  Accordingly, CLASS COUNSEL'S FEE AND EXPENSE

23  APPLICATION in this action is approved, and CLASS COUNSEL are hereby awarded

24  $94,529.95 for reimbursement of litigation expenses and $1,625,000 for attorneys' fees.

25  AXA is directed to make such payments in accordance with the terms of the

26  SETTLEMENT AGREEMENT;

27

28

1    10. Finding that the detailed declarations previously submitted by the

2 REPRESENTATIVE PLAINTIFFS substantiate the significant services that these

3 individuals, and each of them, provided on behalf of the SETTLEMENT CLASS by

4 initiating and maintaining this litigation, the Court approves REPRESENTATIVE

5 PLAINTIFFS' ENHANCEMENT AWARDS in the amount of $15,000 apiece ($105,000

6 altogether) to recognize their valuable role in this litigation and in reaching the results

7 achieved;

8    11. The Court reserves exclusive and continuing jurisdiction over the ACTION,

9 the REPRESENTATIVE PLAINTIFFS, the SETTLEMENT CLASS, and AXA solely

10 for the purposes of supervising the implementation, enforcement, construction,

11 administration and interpretation of the SETTLEMENT and this FINAL APPROVAL

12 ORDER; and

13    12. This document shall constitute a judgment for purposes of Rule 58 of the

14 Federal Rules of Civil Procedure.

15 13.  Pursuant to the stipulated request on the record at the hearing, the Settlement Administrator is authorized to continue the processing of claims received up to and including September 24,

16 2009.  **IT IS SO ORDERED.**

17

18 DATED: _September 25, 2009_           

19            HONORABLE JEFFREY S. WHITE
            UNITED STATES DISTRICT JUDGE

20 If the parties require modification of the language in paragraph 13, they shall submit a stipulation and proposed order to the Court.

21

22

23

24

25

26

27

28